**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Dahveed Morris (2021-0406131), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 5826 |
| v. | ) | |
| | ) | Hon. Robert W. Gettleman |
| Lt. Galan, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's complaint [6] may proceed consistent with the discussion in the Statement section below. Summonses, however, shall not issue at this time. The Court grants Plaintiff's motion for attorney representation [3] and requests that Peter E. Kanaris, Hinshaw & Culbertson LLP, 151 North Franklin Street, Suite 2500, Chicago, Illinois 60606, tel: (312) 704-3000, represent Plaintiff in accordance with counsel's trial bar obligations under Local Rule 83.37 (N.D. Ill.).[1] The Clerk of Court is directed to send a copy of this order to Plaintiff, attorney Kanaris, the Systems Department of the Northern District of Illinois, and the PACER Service Center at pacer@psc.uscourts.gov. Recruited counsel shall file a written status report on or before December 18, 2023, advising whether he will proceed on Plaintiff's *pro se* complaint or whether he would like to file an amended complaint.

**STATEMENT**

Cook County detainee Dahveed Morris initiated this *pro se* civil rights action under 42 U.S.C. § 1983 after a correctional officer searched his cell and allegedly encouraged inmates, who were watching the search, to take items that were removed from the cell. Morris paid the court's filing fee, but because he is seeking redress from officers or employees of a governmental agency, the court must screen his complaint and dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; *Jones v. Bock,* 549 U.S. 199, 214 (2007).

---

[1]Recruited counsel falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States. Counsel therefore shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case and the case previously filed by Plaintiff, case no. 22 C 0390. Fees are exempt for the above-captioned case and case no. 22 C 0390 only. Counsel shall not be exempt from fees incurred by other uses of the PACER system. The exemption is valid immediately and for the duration of counsel's participation in this matter. The exemption may be revoked at the discretion of the court at any time. Counsel shall contact the PACER Service Center at 1-800-676-6856 or at pacer@psc.uscourts.gov to create a separate PACER account to be used for the above-captioned case only and to make any necessary arrangements for the waiver.

The court screens inmates' complaints in the same manner it reviews motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain enough facts, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Morris's complaint concerns a cell search on August 10, 2021. Dkt. 6, pg. 4. According to Morris, he was removed from his cell and "held against the wall" while Lieutenant Galan "drag[ged]" his property out of the cell. *Id.* Property removed from the cell included Morris's "mattress, property bags, books, letters, family photos, birthday and greeting cards, clothes, shoes, and all of [his] commissary." *Id.* Galan allegedly threw "everything over the rail into the dayroom." *Id.* He also allegedly "kick[ed] some down the stairs while speaking very aggressive and disrespectfully" to Morris. *Id.* In addition, Galan allegedly told inmates who were watching the spectacle "to go ahead and take whatever they wanted." *Id.* Galan's conduct caused the inmates to get "pumped up" and become "aggressive toward" Morris. *Id.*

Morris contends that many of the items taken from his cell are "irreplacable" and "priceless," such as photographs of deceased relatives, letters from deceased "loved ones," and pictures of his "tours of duty to Afghanistan along with pictures of [his] fallen comrades." *Id.*, pg. 5. He describes the events as "humiliating, degrading, dehumanizing, and frankly quite dangerous." *Id.* Morris estimates the value of the items he lost at approximately $500.00. *Id.*

The conduct alleged by Morris is troubling. A pre-detainee may not be "punished prior to an adjudication of guilt[.]" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The state may detain an individual "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility," but those conditions and restrictions may "not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37; *Thompson v. Cnty. of Cook*, 412 F. Supp. 2d 881, 887 (N.D. Ill. 2005) ("if a particular condition of pretrial detention amounts to punishment, it is unconstitutional"). If a challenged condition or practice "is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment; conversely, if the practice is arbitrary or purposeless, a court may infer that it is punitive." *Thompson*, 412 F. Supp. 2d at 887.

It is well-established that prisoners do not retain a privacy interest in their cells or possessions, so prisoners may not maintain claims under section 1983 concerning cell searches. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). This court, however, does not read *Hudson* so broadly as to preclude the type of claim Morris (a pretrial detainee) seeks to bring here. This is particularly so given the Supreme Court's and the Seventh Circuit's ongoing distinctions between

the constitutional standard applied to prisoners and pretrial detainees. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (excessive force); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 347 (7th Cir. 2018) (medical care); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (conditions).

It is this court's belief that *Bell v. Wolfish* provides the best guidance under the circumstances. The Supreme Court recognized in *Bell v. Wolfish* that pretrial detainees retain some—albeit greatly diminished—Fourth Amendment protection from unreasonable searches. 441 U.S. at 557-558. Searches "must be conducted in a reasonable manner." *Id.* at 560. The reasonableness standard applies whether a detainee's claim is considered under the Fourth or the Fourteenth Amendment. *See id.* at 556-561 (considering reasonableness of cell and body cavity searches under Fourth and Fourteenth Amendments). Factors to consider in determining whether a search was reasonable include "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* at 559. Under this standard, Morris has said enough to call into question the reasonableness of Lieutenant Galan's conduct during the August 10, 2021 cell search. *See, e.g., Jordan v. Bellinger*, No. CIV. A. 98-23-GMS, 2000 WL 1239956, at *6 (D. Del. Aug. 28, 2000) (allowing Fourth Amendment claim concerning manner in which cell search was conducted where prisoner alleged that corrections officers entered his cell, pulled him off the toilet, performed a body cavity search, removed all of his items from his cell, and then confiscated personal property from his cell, including but not limited to legal documents, pictures, socks, reading glasses, knee and ankle braces, a mirror, personal letters, and commissary items).

That said, the constitutional right implicated by Morris's allegations—*i.e.*, the right of a detainee to be free from a cell search conducted in an objectively unreasonable or punitive manner—does not necessarily encompass a claim for the intentional unauthorized deprivation of his property. Morris must seek redress under state law to be compensated for the loss of his property. *See Hudson*, 468 U.S. at 533; *Jordan*, 2000 WL 1239956, at *6. The court therefore will allow related state-law claims to proceed under this court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. Galan appears to be a proper defendant to the state-law claims, as does Sheriff Dart to the extent state-law allows a theory of respondeat superior liability.

Morris also should be aware that he cannot obtain damages for any mental or emotion injury should he prevail on a claim concerning the reasonableness of his cell search. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). But nominal and punitive damages remain available. *Calhoun v. DeTella*, 319 F.3d 936, 940-941 (7th Cir. 2003) (explaining that statute barring federal civil actions by prisoners for mental or emotional injuries absent a showing of physical injury does not foreclose an action for nominal or punitive damages).

Because the issues raised by Morris's complaint potentially are complex, the Court requests that Peter E. Kanaris, Hinshaw & Culbertson LLP, 151 North Franklin Street, Suite 2500, Chicago, Illinois 60606, tel: (312) 704-3000, represent Morris in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel's representation in this

matter is limited to pursuing, in this Court, claims bearing directly on the events described in the complaint. Counsel is encouraged to visit the Court's Pro Bono web page at http://www.ilnd.uscourts.gov/Pages.aspx?page=ProBono (case sensitive) for various resources related to pro bono representation.

Morris is advised that recruiting counsel for an unrepresented individual is a privilege. He should listen carefully to counsel's advice and be mindful, as any paying client would be, of counsel's workload, time, and effort. Morris also must conduct himself appropriately during all his interactions and communications with counsel. If the Court allows counsel to withdraw, there is no guarantee the Court will recruit substitute counsel.

Pursuant to Local Rule 83.40 and the Regulations Governing the Prepayment & Reimbursement of Expenses of Court Assigned Counsel in Pro Bono Cases from the District Court Fund, any recovery (e.g., settlement, judgment, award of fees, or costs) in excess of $50,000 requires reimbursement to the District Court Fund from such recovery for amounts paid on behalf of the receiving party in excess of $5,000.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: October 17, 2023**